THE STATE OF OHIO *v.* SCRUGGS.

(No. 20660—Decided June 20, 1969.)

Common Pleas Court of Scioto County.

*Mr. Everett Burton,* prosecuting attorney, for plaintiff.

*Mr. Peter W. Swenty,* for defendant.

MARSHALL, J. On March 6, 1969, the defendant, Patrisk Scrubbs, entered a plea of guilty in this court to an indictment charging him with "uttering a forged check" in violation of Section 2913.01, Revised Code. He was sentenced to the Ohio State Penitentiary at Columbus, Ohio, on the same day, without a presentence investigation, because he had a prior criminal record and neither he nor his attorney requested consideration for probation. On

April 28, 1969, the defendant filed a motion to suspend the further execution of the sentence and place the defendant on probation, under authority of Section 2947.061, Revised Code.

It has been said that the purpose of this section is to encourage mutual effort towards correction of a prisoner by both the sentencing court and the state officials, and that one of the intended functions of the law was to relieve, in part, the burden of parole as well.

It, therefore, becomes the duty of this court to consider what action will best further the interests of society and the welfare of the prisoner.

The prisoner's attorney has endeavored assiduously in his behalf, and has presented oral and written statements from federal and state officials relative to his client's good behavior during incarceration. The court has also been informed in writing and orally that the prisoner has co-operated to the fullest extent with federal police and prosecuting authorities, providing information as well as critically material testimony in court, in connection with the apprehension and conviction of criminals with whom he had been associated as an accomplice. The court has also received a letter from a business man in Cincinnati indicating a willingness to provide him with employment if he should be released.

The statute under which the proceeding has been instituted is relatively new, and apparently vests wide discretion in the trial court. It vests in the court the authority to suspend the sentence of a person committed to an institution, upon motion timely made, and place that person on probation. The only limitation being that the court exercise this authority subject to the provisions of Chapter 2951., Revised Code, which encompasses the subject of probation.

The court is of the opinion that this statute could, in a proper case, be salutary for both the prisoner and society. One of those cases would appear to be where a prisoner, due to regeneracy, has contritely acknowledged his wrongdoing and assisted the forces of justice in the prevention

of other crimes through the apprehension and prosecution of his accomplices and other criminals. In this particular case, however, the court is not convinced that the prisoner's conduct has been motivated solely by such altruism. He was born on March 17, 1928. His criminal record begins in July of 1946 at the age of eighteen years. Any criminal conduct prior to that time would have been as a juvenile and, therefore, not a matter of public record. He is now forty-one years of age and in the intervening twenty-three years, has had approximately forty-five (45) encounters with the criminal law of three states, several of which constituted felonies.

In view of the foregoing, this court can only conclude that the leopard is not likely to change his spots, and that this prisoner's lifelong course of conduct has not abruptly altered. To grant the motion would. be a denial of the spirit of Section 2951.02, Revised Code, which permits the court to place a prisoner on probation when it appears to the satisfaction of the judge "that the character of the defendant and the circumstances of the case are such that he is not likely again to engage in an offensive course of conduct."

*Motion overruled.*